# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLUFOLAJIMI ABEGUNDE,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | Case No. 1:25-cv-00562-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION<br><br>(ECF No. 18)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Olufolajimi Abegunde ("Plaintiff") is a former federal prisoner proceeding *pro se* and *in forma pauperis* in this action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b). On September 18, 2026, the Court issued an amended screening order and granted Plaintiff leave to file a first amended complaint. (ECF No. 15.) Plaintiff's first amended complaint, filed on October 13, 2026, is currently before the Court for screening. (ECF No. 18.)

## I. Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court also screens complaints brought by persons proceeding in *pro se* and *in forma pauperis*. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be

granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Mos*s, 572 F.3d at 969.

## II. Plaintiff's Allegations

Plaintiff brings this action for monetary damages against the United States under the FTCA, claiming false imprisonment and intentional infliction of emotional distress at the hands of the Federal Bureau of Prisons ("BOP"). Plaintiff alleges he was convicted of various federal offenses and sentenced to a prison term in August 2019. Plaintiff served the final days of his sentence at FCI Mendota in California. Plaintiff alleges that at the initial implementation of the First Step Act ("FSA"), his release date was August 23, 2023, citing 18 U.S.C. § 3624(b)(1). He claims a second amendment of the FSA mandatorily entitled him to 365 days off his sentence, which days off he had duly earned, citing 18 U.S.C. § 3632(d)(4)(A, (d)(4)(C). (ECF No. 18 at 1.) Plaintiff asserts that pursuant to these amendments of the FSA, his sentence expired August 23, 2022. (*Id.* at 2.)

Plaintiff contends that various BOP officials unlawfully and unjustifiably detained him beyond his duly authorized term of incarceration. He asserts that the commands and directives

implemented by the FSA are mandatory and BOP employees had no discretion to violate the law. Plaintiff alleges that the BOP did not obtain any judicial order or warrant nor Plaintiff's consent to arrest or detain him from August 23, 2022, until February 22, 2023. Plaintiff contends he was illegally and falsely imprisoned.

Plaintiff alleges that he exhausted his administrative remedies by filing a habeas petition in this district seeking immediate release from custody, *Abegunde v. FCI Mendota Warden*, No. 1:22-cv-01550-SKO. The petition was dismissed as moot after Plaintiff was released from custody. Plaintiff subsequently submitted a notice of claim to the BOP in writing and within 2 years of when his alleged false imprisonment began. More than six months passed, but the BOP did not send any response to Plaintiff, so he elected to sue.

As noted, Plaintiff forwards a claim for false imprisonment and a claim for intentional infliction of emotional distress. In his claim for false imprisonment, Plaintiff alleges that various BOP employees had a legal duty under the FSA to release Plaintiff on August 23, 2022, when his sentence legally expired. Plaintiff claims that BOP staff at FCI Mendota, the Designation and Sentence Computation Center, as well as the BOP Director, falsely and unlawfully arrested, imprisoned and detained Plaintiff against his will on August 23, 2022, and thereafter without any legal authority, process, or warrant of any kind. Plaintiff did not consent to be detained at FCI Mendota beyond August 23, 2022. The BOP staff who ignored Plaintiff's plea for immediate release on and after that date intentionally, with actual malice and without lawful privilege, violated Plaintiff's right to liberty by confining and detaining him at FCI Mendota for 183 days without any authority to do so. Plaintiff alleges that as a direct and proximate result of the BOP employees' wrongful and unlawful actions, Plaintiff was injured and suffered damages because he was wrongfully and unjustly detained for 183 days. He asserts that the illegal action of these BOP employees injured him and proximately caused damages in the form of lost wages and business, as well as emotional trauma, mental anguish, anxiety, and pain and suffering.

In his intentional infliction of emotional distress claim, Plaintiff alleges various BOP officials "acted extremely and outrageously with the intention of causing - or the alternative, with reckless disregard of the probability of causing – emotional distress to plaintiff." (ECF No. 18 at

3.) Plaintiff reportedly suffered "severe and extreme emotional distress which was actually and proximately caused by these officials' outrageous conduct. Insisting on detaining someone whose sentence has legally expired is so extreme as to exceed all bounds usually tolerated in a civilized society." (*Id.*)

As relief, Plaintiff seeks compensatory damages in the amount of $500,000 for the 183 days of illegal detention and trauma suffered.

**III. Discussion**

The FTCA provides for recovery of money damages against the United States for cognizable state or common law torts committed by federal officials while acting within the scope of their employment. 28 U.S.C. §§ 1346(b), 2674. The FTCA waives the United States' sovereign immunity for private tort actions "under circumstances where the United States, if a *private person*, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1) (emphasis added); *see also* 28 U.S.C. § 2674 ("The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances[.]"). The Supreme Court has interpreted these words "to mean what they say, namely, that the United States waives sovereign immunity 'under circumstances' where local law would make a '*private person*' liable in tort." *United States v. Olson*, 546 U.S. 43, 44 (2005). "[T]he FTCA applies only if there is a 'persuasive analogy with private conduct.'" *Westbay Steel, Inc. v. United States*, 970 F.2d 648, 650 (9th Cir. 1992) (citation omitted).

Plaintiff's claims arise from the BOP's application of his FSA time credits, resulting in his alleged over-detention. (See ECF No. 18 at 2, 3.) There is no private analogue for these claims because the calculation of a term of imprisonment is uniquely governmental. *See Keegan v. United States*, No. C24-656-KKE, 2025 WL 2161603, at *4 (W.D. Wash. July 30, 2025) ("Plaintiff's claim against the United States arises from the calculation and application of his FSA time credits. The Court need not determine whether a private party could be held liable under . . . state law for the same act because the calculation of a term of imprisonment is uniquely governmental—there is no private analogy."); *see also Oseguera v. United States*, No. 2:24-cv-

10326-CV (DMKX), 2026 WL 2203742, at *5-6 (C.D. Cal. July 28, 2026) (agreeing no private analogue exists to maintain a claim under FTCA for false imprisonment and negligent over-detention arising from calculation of term of imprisonment); *Buzzanca v. District of Columbia*, 523 F. Supp. 3d 64, 70-71 (D.D.C. 2021) ("Courts making the 'private person' inquiry in similar cases have uniformly held that " '[t]he authority to detain other persons and determine the length of their sentences ... has no private analogue.'") (collecting cases)).

As the Court previously explained, in *Keegan v. United States*, the plaintiff brought two claims under the FTCA for false imprisonment and negligence (collectively "the over-detention claim"), alleging the United States failed to apply FSA time credits, leading to his over-incarceration for 69 days. 2025 WL 2161603, at *1, *3. The government moved to dismiss under Federal Rule of Civil Procedure 12(b)(1), arguing, among other things, that the over-detention claim did not have a private analogue so was not waived by the FTCA. *Id.* at *3. In granting the motion to dismiss, the court found that "the calculation of a term of imprisonment is uniquely governmental -- there is no private analogy." *Id.* at * 4. The court concluded that because there was "no private action analogous to the United States's calculation of Plaintiff's FSA time credits or release date, . . . the United States's sovereign immunity ha[d] not been waived and Plaintiff's claims must be dismissed." *Id.* at *5.

Similarly, in *Oseguera v. United States*, the plaintiff asserted claims under the FTCA for false imprisonment and negligent over-detention in federal custody arising from the BOP's calculation of his term of imprisonment. 2026 WL 2203742, at *4. The plaintiff alleged that, based on FSA time credits, time credits calculated under the California penal code, and the fact that his state and federal sentences were to run concurrently, BOP over-detained him by at least eighteen months. *Id.* Like the court in *Keegan*, the *Oseguera* court concluded that there was no private action analogous to the United States's calculation of FSA time credits or release date, the FTCA did not waive the United States's sovereign immunity for claims arising from the computation of a federal criminal sentence, and plaintiff's negligence and false imprisonment claims must be dismissed. *Id.* at *5-6.

In *Buzzanca v. District of Columbia*, the plaintiff asserted claims against the United States

under the FTCA for false arrest, false imprisonment, negligence, and intentional infliction of emotional distress based on allegations that the actions and omissions of various Bureau of Prisons (BOP) employees resulted in his over-detention for several months. 523 F. Supp. 3d at 66-67. Relevant here, the court determined that plaintiff's negligence and intentional infliction of emotional distress claims failed because there was "no private-sector analogue to the government conduct alleged." *Id.* at 70. The court explained that plaintiff's "claim rest[ed] on his wrongful detention, and only the government has the power to detain." *Id.* at 71 The court therefore dismissed the plaintiff's claims against the United States for lack of subject-matter jurisdiction.

Because there is no private action analogue for Plaintiff's claims arising from the application of his FSA time credits, resulting in his alleged over-detention, the United States's sovereign immunity has not been waived under the FTCA.

## IV. Conclusion and Recommendation

Plaintiff's amended complaint fails to adequately allege the United States's waiver of sovereign immunity. The Court therefore lacks subject matter jurisdiction over Plaintiff's claims. Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a district judge to this action.

Furthermore, it is HEREBY RECOMMENDED that this action be dismissed for lack of subject-matter jurisdiction.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.** Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d

834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 20, 2026**

/s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE